IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS G. MUNOZ-ROSARIO, <u>ET AL.</u>,**<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**CARIBE GENERAL CONSTRUCTORS, INC.,**<br><br>   **Defendant.** | **CIVIL NO. 21-1371 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

This is an action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et. seq. ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621, et. seq. ("ADEA"); and Puerto Rico law (Docket No. 1). Before the court is defendant's "Motion for Summary Judgment" (Docket No. 19), which plaintiffs opposed (Docket No. 23). Defendant replied (Docket No. 29). After thoroughly examining the record, defendant's motion for summary judgment is GRANTED and the case DISMISSED.

**I.   BACKGROUND**

On August 12, 2021, plaintiffs filed the complaint (Docket No. 1). On October 12, 2021, defendant moved to dismiss asserting that plaintiffs received the Equal Employment Opportunity Commission ("EEOC") right-to-sue letters on May 7, 2021 (Docket No. 7, p. 6). If true, plaintiffs had until August 5, 2021, to file the complaint. Plaintiffs countered that they received the letter on May 14, 2021 (Docket No. 12, p. 1). If so, their complaint was timely. On March 18, 2022, the court denied the motion to dismiss but gave the parties a 60-day period to engage in discovery on the specific issue regarding the date of receipt of the right-to-sue letters (Docket No. 18).

Thereafter, defendant filed the motion for summary judgment currently before the court (Docket No. 19).

## II.   FACTS

On July 25, 2020, each of the plaintiffs filed individual charges against defendant with the EEOC.  See, Docket No. 19-1, Defendant's Statement of Uncontested Facts in Support of Summary Judgment ("SUMF"), at ¶ 1-3.[1]  All the plaintiffs were represented in the EEOC by the same counsel as in the captioned case, Humberto Cobo-Estrella.  Id. at ¶ 4.  His email of record for both actions was the same, hcobo@hcounsel.com.  Id.  On May 7, 2021, the EEOC issued a dismissal and notice of rights ("DNOR") for each of the three charges.  Id. at ¶ 8.  On that same day, counsel for both plaintiffs and defendant were notified of the DNORs by the EEOC.  Id. at ¶ 9.  Caribe General's counsel was notified at dquiles@salawpr.com and plaintiffs' counsel at hcobo@hcounsel.com.  Id.

Roberto Chavez, the Acting District Director of the Miami District Office of the EEOC (which oversees the San Juan, Puerto Rico, office), certified that, on May 7, 2021, the EEOC Public Portal transmitted an email to hcobo@hcounsel.com, notifying him of his three clients' DNORs.  Id. at ¶¶ 10-15.  Also, he certified that, on May 14, 2021, the EEOC Public Portal transmitted a second email to hcobo@hcounsel.com, sending the same DNORs for a second time.  Id.

---

[1] Strikingly, plaintiffs failed to submit an opposing statement of uncontested facts.  In that sense, they did not comply with Local Civil Rule 56, pursuant to which a party opposing a motion for summary judgment must include "a separate, short, and concise statement of material facts."  Local Civ. R. 56(c).  In that separate statement of facts, the party "shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts."  Id.  "The purpose of this rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute."  CMI Capital Market Investment, LLC v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir. 2008); Local Civ. R. 56(e) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted").  Evaluation of the record in this case shows no material facts in dispute.

Munoz-Rosario, et al., v. Caribe General Constructors Inc.
Civil No. 21-1371 (PAD)
Memorandum and Order
Page 3

### III.  DISCUSSION

Under the ADEA, a suit must be filed no later than 90 days after receipt of notice from the EEOC that it has dismissed or otherwise terminated the administrative proceeding.  See, 29 U.S.C. § 626(d)(1); Perez-Abreu v. Metropol Hato Rey, LLC, 5 F.4th 89, 94 n. 1 (noting 90-day requirement).  The ADA is governed by the procedural requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000- to 2000e-9.  See, 42 U.S.C. § 12117(a) (Title VII procedural requirements are applicable to the ADA).  "One of these requirements contemplates that, upon a claimant's exhaustion of administrative remedies, the EEOC will inform the claimant that she has 90 days within which to bring a civil action."  Id. § 2000e-5(f)(1).  This notification is commonly termed "a right-to-sue notice."  Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir. 2012).  If the claimant does not bring suit within the prescribed 90-day period, the action is time-barred.  Id.  Here, it is undisputed that the complaint was filed on August 12, 2021, 97 days after the EEOC's notification of the DNORs.

### IV.  CONCLUSION

For the reasons stated, the federal claims are untimely and must be dismissed with prejudice.  The court declines to exercise supplemental jurisdiction over the state law claims.  Therefore, they must be dismissed without prejudice.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of July, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge